IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| ARCHER DANIELS-MIDLAND COMPANY AND AMERICAN RIVER TRANSPORTATION COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>DETERMANN INDUSTRIES, INC. AND ITS SUCCESSORS IN INTEREST, DAVID DETERMANN, THOMAS DETERMANN, CORY JAY DETERMANN AS ADMINSTRATOR OF THE ESTATE OF JAY DETERMANN, EDWARD DETERMANN, DIANNE PHINNEY, ANDREW DETERMANN, JULIE HENNINGSEN, JOAN DETERMANN GIFFORD, BARBARA DETERMANN, AND ROBERT DETERMANN,<br><br>Defendants. | Case No. _____<br><br><br>COMPLAINT |

Plaintiff Archer Daniels-Midland Company (hereinafter "ADM"), and American River Transportation Company (hereinafter "ARTCO"), for cause of action against Determann Industries, Inc., and its successors in interest, David Determann, Thomas Determann, Cory Jay Determann as Administrator of the Estate of Jay Determann, Edward Determann, Dianne Phinney, Andrew Determann, Julie Henningsen, Joan Determann Gifford, Barbara Determann, and Robert Determann (hereinafter "the Defendants") state:

## PARTIES

1. ADM is a Delaware corporation with its principal place of business in Decatur, Illinois.

2. ARTCO, a wholly owned subsidiary of ADM, is a Delaware corporation with its principal place of business in St. Louis, Missouri.

3. Determann Industries, Inc. is a dissolved Iowa corporation that maintained its principal place of business in Camanche, Iowa. Determann Industries, Inc. is a party to the extent it retains undistributed assets.

4. On information and belief, David Determann, Thomas Determann, Edward Determann, Dianne Phinney, Andrew Determann, Julie Henningsen, Joan Determann Gifford, and Robert Determann are all citizens of the State of Iowa who were shareholders of Determann Industries, Inc. and received the distributions of Determann Industries, Inc. upon that corporation's dissolution.

5. On information and belief, Jay Determann was a shareholder of Determann Industries, Inc. who received distributions of Determann Industries, Inc. as well but is deceased and Cory Jay Determann is Administrator of his estate pending in the Iowa District Court for Clinton County. Cory Jay Determann is also a citizen of the State of Iowa.

6. On information and belief, Barbara Determann is a citizen of the State of California and was a shareholder of Determann Industries, Inc. who received distributions as well.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendants, as they

actively conducted business in Iowa and many continue to live in Iowa.

8. Jurisdiction is proper under 28 U.S.C. § 1332 in that there is complete diversity with respect to the parties, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

9. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the Complaint occurred in Clinton County, Iowa.

## FACTUAL BACKGROUND

10. ADM and Determann Industries, Inc. entered into a contract ("Contract") whereby ADM agreed to purchase real property ("the Real Estate") and personal property located in Camanche, Clinton County, Iowa from Determann Industries, Inc. A copy of the Contract is attached as Exhibit 1. The transaction contemplated in the Contract was completed on February 10, 2009 and ADM, through its wholly owned subsidiary ARTCO commenced operation on the Real Estate. The Contract provided at paragraph 28 provided that it was binding on the successors and permitted assigns of the respective parties.

11. In October 2009 and December 2009, the Iowa Department of Natural Resources (hereafter "IDNR") advised ADM, ARTCO and Determann Industries, Inc. of Complaint #8-9-33 relating to coal being washed from the Real Estate into the Mississippi River and surrounding wetland by storm water and that there were no storm water controls in place. The IDNR stated that the

condition had existed "over a period of years for the most part while the site was operated under the storm water permit coverage issued to Determann Industries".

12. ADM and ARTCO retained Huff & Huff Incorporated, with expertise in environmental matters, to investigate the site and provide a proposed solution to the IDNR concerns as expressed in the IDNR complaint. Huff & Huff issued a December 2009 report which ADM provided to the IDNR and to counsel for Determann Industries, Inc.

13. By letter dated January 21, 2010, ADM and ARTCO communicated with counsel for Determann Industries, Inc. with respect to the IDNR complaint pending against both entities and set forth a proposed plan for resolving the complaint and offering to provide any information requested by Determann Industries, Inc. Determann Industries, Inc.'s counsel advised by phone message in February 2010 that monies were in escrow and available to satisfy any obligations of Determann Industries, Inc.

14. ADM and ARTCO caused the remediation work to be completed to the satisfaction of the IDNR at a total cost of $270,312.28 paid by ADM and ARTCO.

15. Pursuant to paragraph 9 of the Contract, Determann Industries, Inc. represented and warranted that it would "convey good and valid and marketable title to the Property * * * free and clear of all mortgages, liens, equitable liens, charges, security interests, encumbrances of any nature

whatsoever, except as expressly noted herein". ADM relied on this representation and warranty in completing the transaction.

16. Pursuant to paragraph 10 of the Contract, Determann Industries, Inc. obligated itself to indemnify ADM and its subsidiaries, including ARTCO, with respect to specified environmental issues related to the Real Estate.

17. Determann Industries, Inc. filed Articles of Dissolution on or about March 26, 2009. ADM and ARTCO were not advised of the actions of Determann Industries, Inc. concerning corporate dissolution.

18. By letter dated January 23, 2012 ADM and ARTCO advised counsel for Determann Industries, Inc. of completion of the remediation work required by the IDNR, that the total cost was $270,312.28 and requested that Determann Industries, Inc. make payment within 45 days.

19. Determann Industries, Inc. and its shareholders have failed and refused to pay for the remediation work.

**COUNT I - BREACH OF EXPRESS WARRANTY**

20. The allegations of paragraphs 1 through 19 are incorporated herein.

21. The obligation and necessity to satisfy the requirements of the IDNR and various laws and regulations of the State of Iowa with respect to the Real Estate relating to its condition during the period of ownership by Determann Industries, Inc. constituted an encumbrance on the Real Estate and a breach of an express warranty by Determann Industries, Inc., which express warranty was relied upon by ADM in completing the transaction.

22. ADM and ARTCO have been damaged by the breach of express warranty and are entitled to recover the cost of remediation of the Real Estate.

23. Pursuant to paragraph 10 of the Contract, ADM and ARTCO are entitled to recover attorney's fees and expenses from defendants by reason of the breach of express warranty. Attached as Exhibit 2 is Affidavit Regarding Attorneys' Fees.

WHEREFORE, ADM and ARTCO pray for judgment in the amount of $270,312.38 together with attorney's fees and costs against Determann Industries, Inc. to the extent of its undistributed assets, and its shareholder defendants jointly and severally to the extent of their receipt of corporate assets on dissolution of Determann Industries, Inc..

## COUNT II - BREACH OF CONTRACT

24. The allegations of paragraphs 1 through 23 are incorporated herein.

25. The Contract is a valid written contract and ADM and ARTCO have performed all of their material obligations under the Contract.

26. The actions of Determann Industries, Inc. and its shareholders in failing and refusing to pay for the remediation to the Real Estate is a breach of the Contract and ADM and ARTCO have been damaged by the breach of contract.

27. Pursuant to paragraph 10 of the Contract, ADM and ARTCO are entitled to recover attorney's fees and expenses from defendants by reason of the breach of contract. Attached as Exhibit 2 is Affidavit Regarding Attorneys' Fees.

WHEREFORE, ADM and ARTCO pray for judgment in the amount of $270,312.38 together with attorney's fees and costs against Determann Industries, Inc. to the extent of its retained assets and its shareholder defendants jointly and severally to the extent of their receipt of corporate assets on dissolution of Determann Industries, Inc.

/s/ Richard S. Fry

| | |
|---|---|
| RICHARD S. FRY | AT0002684 |
| NANCY J. PENNER | AT0006146 |
| DREW CUMINGS-PETERSON | AT0010902 |

for
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 Third Street SE, Suite 500
P. O. Box 2107
Cedar Rapids, Iowa  52406-2107
PHONE:       (319) 365-9461
FAX:            (319) 365-8564
E-mail:  rsf@shuttleworthlaw.com

ATTORNEYS FOR PLAINTIFF